# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **SUMMITBRIDGE CREDIT INVESTMENTS IV, LLC.** | **CIVIL ACTION NO. 15-2125** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **OSV DETERMINATION, L.L.C., ET AL.** | **MAG JUDGE CAROL B. WHITEHURST** |

## RULING

Pending before the Court is Plaintiff SummitBridge Credit Investments IV, LLC's ("SummitBridge") "Motion To Confirm Sale, And For Release, Of Defendant Vessel *OSV Determination*, And For Release Of Vessel Lien Inscriptions" [Doc. No. 58]. For the following reasons, the motion is GRANTED.

On March 18, 2016, the Clerk of Court filed a Notice of Entry of Default Against the Documented Vessel "and all claimants and lien holders who have not appeared and filed any statement of right or interest or lien." [Doc. No. 33]. On November 17, 2016, the Court issued a Judgment [Doc. No. 54] providing that the Defendant Vessel *OSV Determination* ("Defendant Vessel") would be offered by the "United States Marshals Service, for sale as required by law and free and clear of all liens, encumbrances and interests."

On February 22, 2017, the Defendant Vessel was sold by the United States Marshal for the Western District of Louisiana. SummitBridge was the highest bidder with a credit bid of $600,000. SummitBridge seeks confirmation of the sale of the Defendant Vessel free and clear of any and all interests, mortgages, liens, claims and encumbrances. [Doc. No. 58].

First, the Court notes that Jose Manuel Garcesto, Nestor Verdugo, Kevin Nidini, and

Jon Root (collectively "Wage Claimants' Liens") have liens on the Defendant Vessel. [Doc. No. 39]. However, SummitBridge has posted a bond in the amount of $205,000 that exceeds the Wage Claimants' Liens. [Doc. No. 57]. Therefore, the Court will issue a Judgment referring the Wage Claimants' Liens to the bond posted by SummitBridge.

Additionally, Amelia Dockside Facilities, LLC ("Amelia Dockside") has a lien in the amount of $7,275.00 against the Defendant Vessel. Under Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims, public notice of an action and arrest must be made if the property is not released within 14 days after execution. Rule C(6) further provides that in an action in rem, "(i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest: (A) within 14 days after the execution of process. . . ." Local Admiralty Rule 64.1 provides that any time publication is necessary under Admiralty Rule C(4), "the time for filing . . . any ownership interest in the property . . . is hereby extended for a period of 21 days from the date of the publication."

Amelia Dockside did not comply with the requirements and never sought to intervene under Federal Rule of Civil Procedure 24. Therefore, the Court will issue a Judgment directing the United States Coast Guard to cancel and erase Amelia Dockside's lien against the Defendant Vessel from its official records at the National Vessel Documentation Center.

For all of these reasons, SummitBridge's Motion [Doc. No. 58] is GRANTED, and the Court will enter judgment in favor of SummitBridge.

MONROE, LOUISIANA, this 21st day of April, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE